UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| NORRIS W. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 07-230-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| MRS. L. WALKER, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On August 14, 2007, the Court dismissed this action, *sua sponte*, because it lacked jurisdiction over Plaintiff Norris W. Jackson's claims and because Jackson had failed to state a claim upon which relief could be granted. In particular, the Court found that Jackson had failed to exhaust his administrative remedies with regard to his civil rights claims against the Bureau of Prisons ("BOP") officials and that he had failed to state a claim against the inmate defendants under *Bivens* or 42 U.S.C. §§ 1985, 1986 and 1988. Accordingly, the Court dismissed his claims against the inmate Defendants under *Bivens* and §§ 1985(1) and (2) with prejudice, and his remaining claims without prejudice, citing 28 U.S.C. § 1915(e), *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997), and *Woodford v. Ngo*, 126 S. Ct. 2378 (2006).

Subsequently, on August 27, 2007, Jackson filed a timely motion for reconsideration, claiming that the Court erred under *Jones v. Bock*, 127 S.Ct. 90 (2007) by dismissing the action *sua sponte* for failure to exhaust administrative remedies. Additionally, Jackson claims that the

Court improperly found that the inmate defendants were not acting under color of federal law for purposes of his *Bivens* and § 1985 claims.

The Court has reviewed Jackson's arguments and the applicable law and finds that complete dismissal of this action may have been premature under *Bock*. Therefore, his motion for reconsideration will be granted as to his claims against the BOP officials. However, it is clear that Jackson has failed to state a claim upon which relief can be granted as to the inmate Defendants, and his claims against them will not be reinstated.

I.  Analysis

   A.  Legal Standard

Generally, to succeed on a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), a party must demonstrate either a clear error of law, newly discovered evidence, an intervening change in controlling law, or that relief is necessary to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). The motion does not serve as "an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Accordingly, a party should not use this motion "to raise arguments which could, and should, have been made before judgment issued." *Id.* (quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). However, once the motion has been made, a district court has unlimited discretion to review its own ruling, including its previous findings of law and fact. *EEOC v. United Ass'n of Journeymen & Apprentices*, 235 F.3d 244, 250 (6th Cir. 2000).

### B. *Jones v. Bock*

Jackson claims that the Court's dismissal for failure to exhaust administratively was improper under *Jones v. Bock*, 127 S.Ct. 90 (2007). He asserts that exhaustion did not have to be pled in the complaint or proved by the plaintiff but is an affirmative defense to be raised by the defendant. In *Jones v. Bock*, the Supreme Court expressly rejected the Sixth Circuit's practice of screening *pro se* complaints and dismissing them, *sua sponte*, for failure to plead exhaustion of administrative remedies. The Court concluded "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Bock*, 127 S. Ct. at 921. However, the Court also noted that, "that is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim." *Id*. According to the Court,

> [a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, see Fed. Rule Civ. Proc. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.

*Id*. at 920-21.

Some courts have construed the holding in *Bock* to stand for the proposition that a *pro se* complaint can still be dismissed, *sua sponte*, for failure to state a claim if the allegations in the complaint conclusively establish the affirmative defense of failure to exhaust administrative remedies. *See, e.g., Bowling v. Haas*, 2007 U.S. Dist. LEXIS 7556 (E.D. Ky. Jan. 31, 2007).

The Sixth Circuit has yet to address this issue in a published decision. However, in an unpublished decision, it has noted that, after *Bock*, a prisoner "does not bear the burden of specially pleading *and proving* exhaustion; rather, this affirmative defense may serve as a basis for dismissal *only if raised and proven by the defendants*." *Kramer v. Wilkinson*, 226 F. App'x 461 (6th Cir. Mar. 21, 2007) (emphasis added).

In the present case, it is clear from the allegations in Jackson's complaint as well as his response to this Court's Order that Jackson has failed to properly exhaust his administrative remedies under *Woodford v. Ngo*, 126 S. Ct. 2378 (2006). As the Court previously noted,

> Jackson did not begin the BOP's system within 20 days of his assault, or within 20 days of any event of which he complains herein. He filed a BP-9 only once, and that effort was tardy and then dropped. No further steps were taken. As a result, Jackson deprived the BOP of a fair opportunity to consider his allegations and to remedy any of the alleged problems. By not exhausting the administrative remedy program, he has also deprived this Court of a record and deprived himself of an opportunity to seek redress from the federal defendants, officially and individually, in this Court.

[Record No. 8, p.11] However, after reviewing the Supreme Court's decision in *Bock* and the Sixth Circuit's application of *Bock* in *Kramer*, the Court is not convinced that dismissal, *sua sponte*, is appropriate. Accordingly, out of an abundance of caution, the Court will amend its previous Memorandum Opinion and Order and direct the clerk to serve the Defendant BOP officials with Jackson's Complaint.

### C. Claims against the inmate Defendants

Jackson further claims that the Court improperly dismissed his *Bivens* claims and his claims under 42 U.S.C. §§ 1985(1) and 1985(2) against the inmate Defendants, with prejudice. He relies on two Supreme Court cases, *United States v. Price*, 383 U.S. 787 (1966) and *Adickes*

*v. Kress*, 398 U.S. 144 (1970), for his contention that a private party can be held liable under § 1983.

In the August 14, 2007, Memorandum Opinion and Order, this Court held that Jackson had failed to state a claim under *Bivens* because the inmate Defendants were not acting under color of federal law, citing *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 68 (2001). The Court further held that Jackson could not state a claim under 42 U.S.C. §§ 1985(1) or 1985(2) because a cause of action under § 1985(1) belongs to the federal officer who is the victim of the conspiracy and because there was no proceeding pending for purposes of § 1985(2). With respect to 42 U.S.C. § 1985(3), the Court found that Jackson had failed to allege race or class-based animus, which is a requirement for a claim under this section. Finally, the Court concluded that, because Jackson did not have a cognizable action under § 1985, he could not state a claim under § 1986 or § 1988. Accordingly, the Court dismissed his claims under *Bivens* and §§ 1985(1) and 1985(2) with prejudice, while the remaining claims were dismissed without prejudice.

The Court finds no error with regard to its dismissal of the claims against the inmate Defendants. First, even if Jackson could establish that the private actors were working under color of law for purposes of § 1983 and *Bivens*, those claims are barred by the applicable statute of limitations. The statute of limitations for *Bivens* claims and § 1983 claims is governed by the relevant state statute for personal injury actions. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005) (noting that "[i]n addressing the timeliness of a federal constitutional damages action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent

with federal law or policy to do so" and that "[t]hat practice applies both to § 1983 actions . . . and to *Bivens* actions"). Because the assault by his fellow inmates happened in Kentucky, the applicable statute of limitations is one year. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (citing *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)) (noting that "§ 1983 actions in Kentucky are limited by the one-year statute of limitations found in § 413.140(1)(a)").

Here, Jackson consistently claims that the inmate Defendants assaulted him on January 30, 2006. However, he did not file the present action until July 9, 2007, eighteen (18) months later. Accordingly, any claims against the inmate Defendants under *Bivens* or § 1983 are barred by the one-year statute of limitations. And because a cause of action under 42 U.S.C. § 1985(1) belongs to the federal officer who is the victim of the conspiracy and because there was no proceeding pending for purposes of § 1985(2), the claims asserted by Jackson under those sections are properly dismissed. Finally, because Jackson has failed to assert his race or any class-based animus, he cannot maintain an action under § 1985(3), regardless of whether the inmate Defendants were acting under color of federal law. Therefore, his claims under that section and his claims under § 1986 and § 1988 were properly dismissed.

**II.   Conclusion**

For the foregoing reasons, it is hereby

**ORDERED** that the Court's Memorandum Opinion and Order dated August 14, 2007, is hereby **AMENDED** as follows:

With the exception of the claims asserted by Plaintiff Norris W. Jackson against Defendants Bennett and McIntyre, the remaining claims asserted herein are **REINSTATED**. However, the *Bivens* claims and the claims asserted under 42 U.S.C. § 1985(1) and 1985(2) against Defendants Bennett and McIntyre are **DISMISSED**, with prejudice. Any remaining claims against Defendant Bennett and McIntyre are **DISMISSED**, without prejudice.

It is further **ORDERED** that:

1. The Plaintiff's motion for reconsideration is **GRANTED**, in part, and **DENIED**, in part.

2. This case is **REINSTATED** on the Court's docket.

3. Defendants Bennett and McIntyre are **DISMISSED** as parties to this action.

4. The Judgment entered August 14, 2007, is **SET ASIDE**.

5. The Clerk of the Court shall serve, by certified mail, copies of the instant petition [Record No. 2] and this Order upon the remaining named Defendants, Mrs. L. Walker, Mr. Collins, Mr. Phillips, Mr. Hibbard, Mr. De La Camera, Mr. A. Ndife, B.J. Johnson, Mr. Grondolsky, Mr. G. L. Hall, and Mr. Worthington, as well as the Attorney General for the United States and the United States Attorney for the Eastern District of Kentucky.

6. The Defendants, by counsel, shall answer or otherwise defend within thirty (30) days of the date of entry of this Order. The Defendants shall also file with the answer all relevant documentary evidence which bears upon the allegations contained in the petition.

7. Upon the filing of a response or upon the expiration of the 30-day period of time in which to file the response, the Clerk of the Court shall notify the Pro Se Office.

8.   The Plaintiff shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

9.   For every further pleading or other document he wishes to submit for consideration by the Court, the Plaintiff shall serve upon each Defendant, or if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The Plaintiff shall send the original papers to be filed with the Clerk of the Court, together with a certificate stating the date a true and correct copy of the document was mailed to each Defendant or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

This 12th day of September, 2007.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge